THOMAS P. O'BRIEN
United States Attorney
GREGORY G. KATSAS
Acting Assistant Attorney General
Civil Division
MARK C. WALTERS
Assistant Director
MELISSA NEIMAN-KELTING
Attorney
PATRICIA M. CORRALES
Attorney-California Bar No. 183249
Office of Immigration Litigation
United States Department of Justice
Civil Division
300 North Los Angeles Street/Room 8108
Los Angeles, California 90012
Telephone: (213) 894-8627
Facsimile: (213) 894-2648
E-Mail: Patricia.Corrales@DHS.gov

Attorneys for Plaintiff
United States of America

DAVID M. HAGHIGHI, ESQ.   (SBN217401)
VHF LAW GROUP, LLP
3435 Wilshire Boulevard, Suite 2460
Los Angeles, California 90010
Telephone: (213) 632-3900
Facsimile: (213) 632-0865
E-mail: David@VHF-LAW.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> PLAINTIFF, <br><br> V. <br><br> NASRIN CHAVOSHI <br> aka: NASRIN SHAMS <br><br> DEFENDANT. | CV-08-01853-RSWL <br><br> CONSENT JUDGMENT REVOKING NATURALIZATION [~~PROPOSED~~] ORDER |

Page 1

The United States of America ("Plaintiff"), and Nasrin Chavoshi, a.k.a. Nasrin Shams ("Defendant"), by and through their attorneys, hereby enter into this Consent Judgment and Settlement Agreement, subject to the approval of the Court pursuant to Rule 23 of the Rules of Civil Procedure.

Plaintiff filed a Complaint seeking to revoke the Order admitting Defendant to United States citizenship and to cancel her Certificate of Naturalization. The Complaint alleges that Defendant procured her naturalization illegally and that she also procured her naturalization by willfully misrepresenting material facts. Either illegal procurement or procurement by willful misrepresentation or concealment of material facts requires that naturalization be revoked pursuant to 8 U.S.C. § 1451(a). Kungys v. United States, 485 U.S. 759, 778 (1988); Fedorenko v. United States, 449 U.S. 490, 506-07, 514-15 (1981).

Defendant has read the Complaint and its supporting Affidavit of Good Cause. As a result of the Settlement Agreement reached between the parties (Attached as **Exhibit A** and **B**), Defendant admits to Count I of the Complaint and all allegations relevant to that count. Specifically, Defendant admits allegations 1-15, allegations 19-21, and allegation 23 except Defendant disputes the restitution amount in allegation 21. (Compl. ¶¶ (1-15, 19-21 and 23). Furthermore, Defendant concedes that she is

Page 2

subject to denaturalization pursuant to 8 U.S.C. § 1451(a) because she procured her naturalization illegally.

Defendant concedes and admits that she was ineligible, as a matter of law, for naturalization as a result of her commission of unlawful acts that adversely reflected upon her moral character during the statutory period necessary to become a United States citizen. Specifically, Defendant concedes and admits that on June 19, 2006, she admitted the essential elements of committing the crime of Grand Theft of Personal Property against Bank One beginning July 1, 2003 through November 9, 2005, during the statutory period when Defendant was required to establish she was a person of good moral character. As a result of her admission, Defendant pleaded guilty to a felony violation of section 487(a) of the California Penal Code and was convicted and sentenced to serve 240 days in county jail and ordered to make restitution to Bank One. See ¶¶ 19-21 of Complaint.

Based upon her admission and concession to Count I, Defendant consents to the entry of an Order revoking her citizenship and cancelling her Certificate of Naturalization, Number 27 865 164.

As referenced above, the parties have entered into a Settlement Agreement concerning this matter, attached hereto as **Exhibit A and B.**

Approved as to form and substance:

FOR PLAINTIFF:

Dated: December 19, 2008

GREGORY G. KATSAS
Assistant Attorney General
Civil Division
THOMAS W. HUSSEY
Office of Immigration Litigation
Director
MARK C. WALTERS
Assistant Director
MELISSA NEIMAN-KELTING
Attorney


/s/ Patricia M. Corrales
PATRICIA M. CORRALES
Attorney
Office of Immigration Litigation
U.S. Department of Justice
Civil Division
300 N. Los Angeles Street/#8108
Los Angeles, California 90012

Attorneys for Plaintiff
United States of America

FOR DEFENDANT:

Dated: 12-18-08

/s/ David M. Haghighi
DAVID M. HAGHIGHI, ESQ.
VHF LAW GROUP
3435 Wilshire Blvd., Suite 2460
Los Angeles, CA 90010

Attorneys for Defendant

Dated: 12-18-08

NASRIN CHAVOSHI
a.k.a NASRIN SHAMS
Defendant

## ORDER

**THEREFORE,** pursuant to the Settlement Agreement, attached as **Exhibit A** and **B**, and based upon the admissions and concession made herein:

**THE PARTIES CONSENT TO JUDGMENT AS FOLLOWS, AND IT IS HEREBY ORDERED THAT:**

1. The October 24, 2003, naturalization of Defendant ordered by the Attorney General of the United States and admitting Defendant to United States citizenship, is **REVOKED** and **SET ASIDE** and Certificate of Naturalization No. 27 865 164, issued by the Attorney General of the United States, is **CANCELLED.**

2. From the date of this Order, Defendant is forever **RESTRAINED** and **ENJOINED** from hereinafter claiming any rights, privileges, or advantages under any document that evidences United States citizenship obtained as a result of Defendant's October 24, 2003, naturalization.

3. As part of the Settlement Agreement, Defendant is ordered to **SURRENDER** and **DELIVER** her Certificate of Naturalization to the Attorney General's representative and Defendant further is ordered to **SURRENDER** and **DELIVER,** if not surrendered previously, any other indicia of United States citizenship, including her United States Passport, to the Attorney General's representative within ten (10) days of the Court's order. *FPTC date + Court trial date are vacated by this Court.*

Dated: *Jan 6, 2009*

*Ronald S W Lew*
_____
Honorable Ronald S.W. Lew
United States District Court Judge

## SETTLEMENT AGREEMENT

**WHEREAS**, pursuant to 8 U.S.C. § 1451(a), the United States of America, by and through its counsel indicated below, has commenced an action in the United States District Court for the Central District of California (No. CV-08-1853-RSWL) seeking the revocation and setting aside of the October 24, 2003, Order admitting Nasrin Chavoshi, a.k.a, Nasrin Shams, to United States Citizenship and the cancellation of Nasrin Chavoshi's Certificate of Naturalization, Number 27 865 164.

**NOW THEREFORE**, in order to settle this matter, and in the best interest of all parties, the United States of America ("Plaintiff"or the "Government") and Nasrin Chavoshi, a.k.a Nasrin Shams ("Defendant"), agree as follows:

1. Defendant has read and understands the Settlement Agreement and the Consent Judgment, which are in English. The translation of this Settlement Agreement or the Consent Judgment, if necessary to assist Defendant's understanding, is the sole responsibility of Defendant and her counsel.

2. Defendant has read and understands the allegations contained in the Complaint filed by Plaintiff. Defendant admits the allegations relevant to Count I of the Complaint. Specifically, Defendant admits allegations 1-15, allegations 19-21, and allegation 23. Compl. ¶¶ (1-15, 19-21 and 23) except Defendant disputes the restitution amount in paragraph 21. Further, Defendant concedes that she is subject to denaturalization pursuant to 8 U.S.C. § 1451(a), because she did not meet the requirements defining a person of good moral character, during the statutory period, as required by law, and was therefore ineligible for naturalization pursuant to 8 U.S.C. § 1427(a)(3).

Page 1   Nasrin Chavoshi Settlement Agreement

**EXHIBIT A**

3. Based upon her admissions and concessions set forth in ¶ 2 above, Defendant consents to the entry of an Order revoking her Citizenship and cancelling her Certificate of Naturalization, Number 27 865 164.

4. Defendant agrees to surrender her Certificate of Naturalization, Number 27 865 164, in addition to any copies thereof in her possession, along with any other indicia of United States citizenship, such as a United States passport or any other government issued documents, to the United States Attorney General, or one of his representatives, upon execution of this Settlement Agreement and prior to the filing of an executed Consent Judgment.

5. Plaintiff agrees, as part of this Settlement Agreement, that upon entry of the Consent Judgment, Defendant will revert to her former status as a Lawful Permanent Resident. United States Citizenship and Immigration Services ("USCIS"), agrees to issue Defendant a Permanent Resident Card (Form I-551) upon the filing and processing of an Application to Replace Permanent Resident Card and payment of the required fee (Form I-90).

6. United States Immigration and Customs Enforcement ("ICE"), upon entry of the Consent Judgment, agrees that it will not commence removal proceedings against Defendant under § 237 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227, or any future INA provision defining classes of deportable aliens, based on Defendant's June 19, 2006 conviction of Grand Theft of Personal Property in violation of § 487(a) of the California Penal Code. Plaintiff reserves the right to initiate removal proceedings against Defendant under § 237 of the INA, 8 U.S.C. § 1227, or any future INA provision defining classes of deportable aliens if, after entering into the Consent Judgement, Defendant is: (i) convicted, by any court of law, of any future criminal offense; (ii) later found guilty of

Page 2   Nasrin Chavoshi Settlement Agreement

**EXHIBIT A**

committing any crime prior to entering the Consent Judgement; and/or, (iii) violates, or has violated any law of the United States pertaining to immigration or naturalization of which Plaintiff is currently unaware.

7. Plaintiff further makes no concession that Defendant's 2006 conviction for Grand Theft of Personal Property does not constitute an aggravated felony for immigration purposes. Similarly, Defendant does not concede that her 2006 conviction for Theft of Personal Property constitutes an aggravated felony for immigration purposes.

8. Defendant understands and agrees that Plaintiff makes no representation regarding Defendant's admissibility to the United States under § 212 of the INA, 8 U.S.C. § 1182. Defendant further understands that if she leaves the United States and attempts to re-enter, she may be found inadmissable based on her June 19, 2006 conviction of Grand Theft of Personal Property in violation of § 487(a) of the California Penal Code as well as any additional crimes committed by Defendant before or after entering the Consent Judgment. Defendant does not concede that her 2006 conviction of Grand Theft of Personal Property is an inadmissable offense under INA § 212, 8 U.S.C. § 1182. Plaintiff further agrees, that Defendant has a right to defend herself against any removal proceedings brought under INA § 212, 8 U.S.C. § 1182.

9. As part of this Settlement Agreement, ICE agrees that it will not refer Defendant's case to the United States Attorney's Office for the Central District of California, or any other entity of the United States government, for criminal prosecution of either: (i) fraud violations pursuant to 18 U.S.C. § 1001 or 18 U.S.C. § 1015; (ii) unlawful procurement of citizenship pursuant to 18 U.S.C. § 1425(a); or (iii)

EXHIBIT A

any other statutory provisions based upon her illegal procurement of her naturalization on October 24, 2003.

10. Nothing in this Settlement Agreement should be construed to prevent the United States Attorney's Office from prosecuting Defendant for any outstanding crimes that she has committed, of which the Government is unaware, or for any future crimes she may commit. In the event criminal charges are brought against Defendant pursuant to 18 U.S.C. § 1001, 18 U.S.C. § 1015 and 18 U.S.C. § 1425(a) for illegal procurement of her October 24, 2003 naturalization, the admissions made in this Settlement Agreement may not be used against Defendant for purposes of criminal prosecution under the aforementioned provisions.

11. Defendant agrees that she will not apply for naturalization within five years of the date the Order revoking her citizenship is entered. Plaintiff makes no representation that Defendant will be eligible for naturalization or that any application for naturalization will be granted in the future. Further, if and when Defendant files an application for naturalization in the future, USCIS will review Defendant's entire criminal history, including her 2006 conviction for Grand Theft of Property, in making it's determination about Plaintiff's eligibility for naturalization as provided by law.

12. Defendant understands that upon entry of the Consent Judgment, she can no longer claim any rights, privileges, or advantages from her revoked United States citizenship, obtained as a result of her October 24, 2003, naturalization. Defendant further understands that claiming any rights, privileges or advantages of United States citizenship may subject her to possible criminal and civil penalties.

13. In entering this Agreement, Defendant agrees that neither she nor her heirs or assigns will challenge Defendant's subsequent

Page 4    Nasrin Chavoshi Settlement Agreement

**EXHIBIT A**

denaturalization by any means, including but not limited to, any appeal (whether administrative or judicial), any collateral attack, or any application for injunctive action, or equitable relief.

14. The parties will each bear their own attorneys' fees, costs, and expenses, if any, incurred in this matter.

15. Defendant enters into this Settlement Agreement knowingly, voluntarily, without duress or compulsion of any kind from Plaintiff or any other individual or entity, and with full knowledge of the consequences.

16. This Settlement Agreement constitutes the full, complete, and entire agreement between Plaintiff and Defendant. Plaintiff and Defendant acknowledge that no party, agent, or attorney of any party has made any promise, representation, or warranty whatsoever, either express or implied, not contained herein, concerning the subject matter herein, to induce the other party to execute this Agreement. Plaintiff and Defendant further acknowledge that they have not executed this Agreement in reliance upon any such promise, representation, or warranty not contained herein.

//
//
//
//
//
//
//
//
//
//
//
//

Page 5    Nasrin Chavoshi Settlement Agreement

EXHIBIT A

Approved as to form and substance:

FOR PLAINTIFF:

Dated: December 31, 2008

                                GREGORY D. KATSAS
                                Assistant Attorney General
                                Civil Division

                                THOMAS W. HUSSEY
                                Office of Immigration Litigation
                                Director

                                MARK C. WALTERS
                                Assistant Director

                                MELISSA NEIMAN-KELTING
                                Attorney

                                /s/ Patricia M. Corrales
                                PATRICIA M. CORRALES
                                Attorney
                                Office of Immigration Litigation

                                Attorneys for Plaintiff
                                United States of America

FOR DEFENDANT:

Dated: 12/18/08

                                /s/ David M. Haghighi
                                VHF LAW GROUP, LLP
                                3435 Wilshire Boulevard
                                Suite 2460
                                Los Angeles, California 90010

                                Attorneys for Defendant

    I, Nasrin Chavoshi, a.k.a, Nasrin Shams, have read this Settlement Agreement, which is in English, and understand its terms. The significance of the terms of this Settlement Agreement has also been explained to me by my attorney. I agree to accept all duties and limitations placed on me by this Settlement Agreement.

Dated: 12-18-08                         /s/ Nasrin Chavoshi
                                Nasrin Chavoshi, a.k.a. Nasrin Shams
                                Defendant

Office of the Principal Legal Advisor

U.S. Department of Homeland Security
425 I Street, NW
Washington, DC 20536



U.S. Immigration
and Customs
Enforcement

December 29, 2008

Thomas Hussey
Office of Immigration Litigation
450 5th Street, NW, Room 2407
Washington, DC 20044

David M. Haghighi, Esq.
VHF Law Group, LLP
3435 Wilshire Boulevard, Suite 2460
Los Angeles, California 90010

Re:   Settlement Agreement in the Denaturalization Case of *United States v. Nasrin Chavoshi aka Nasrin Shams*, Central District of California, Case No. 2:2008 CV-08-0853-RSWL

Dear Msrs. Hussey and Haghighi:

Nasrin Chavoshi, aka Nasrin Shams ("Ms. Chavoshi"), acquired her United States citizenship through naturalization on or about October 24, 2003. On or about March 19, 2008, the United States of America ("the Government"), by and through its counsel, filed an action against Ms. Chavoshi in the United States District Court for the Central District of California seeking revocation of Ms. Chavoshi's naturalization pursuant to 8 U.S.C. § 1451(a). The complaint in this matter charges that Ms. Chavoshi: (1) illegally procured her naturalization because she committed unlawful acts that adversely reflect upon her moral character during the statutory period, during which she needed to establish good moral character; and (2) procured her naturalization by willful misrepresentation or concealment of her criminal history during the naturalization process.

The Government has engaged in settlement negotiations with Ms. Chavoshi, and she has indicated that she will consent to an order of denaturalization based on the grounds set forth in the complaint, provided that the Department of Homeland Security ("DHS") agrees that upon entry of the Consent Judgment, Ms. Chavoshi will revert to her former status as a Lawful Permanent Resident. Further, DHS agrees that it will not commence removal proceedings against Ms. Chavoshi based on her June 19, 2006, conviction for the July 1, 2003 through November 9, 2005 crime of Grand Theft of Personal Property against Bank One in violation of § 487(a) of the California Penal Code. DHS also agrees it will not refer Ms. Chavoshi's case to the United States Attorney's Office for criminal prosecution of violations of 18 U.S.C. §§ 1001, 1015, 1425, or similar statutory provisions based upon her illegal procurement of her October 24, 2003 naturalization.

 

EXHIBIT B

www.ice.gov

Page 2

DHS does, however, reserve the right to initiate removal proceedings against Ms. Chavoshi if she: (1) is convicted, by any court of law, of any future criminal offense; (2) is later found guilty of committing any crime prior to entering the Consent Judgment; and/or, (3) has been convicted of violating any laws of the United States of which DHS is currently unaware. Nothing in the Settlement Agreement prevents the United States Attorney's Office from prosecuting Ms. Chavoshi for any crimes that she has committed or for any future crimes she may commit. Further, DHS does not make any concessions that Ms. Chavoshi's 2006 conviction for Grand Theft of Personal Property does not constitute an aggravated felony for immigration purposes.

DHS agrees to this settlement agreement on the condition that Ms. Chavoshi wait five years from the date of the entry of the Consent Judgment to reapply for naturalization and that neither Ms. Chavoshi nor her heirs or assigns will challenge the revocation of Ms. Chavoshi's naturalization by *any* means, including but not limited to, any appeal (whether administrative or judicial), any collateral attack, or any application for injunctive action, equitable relief, or legislative action.

Based on these terms, I agree to the proposed settlement agreement. You may file this letter, or a copy, with the District Court, as provided in 28 C.F.R. § 0.197.

Sincerely,

by Barry O'Melia

Michael Neifach
Principal Legal Advisor

**EXHIBIT B**